PAULINE NEWMAN, Circuit Judge,
dissenting.
This case does not present a new question, and it should not have a new answer. The question is, can a patent claim clause written in means-plus-function form be construed, as a matter of law, literally to cover a device that is not the invention described in the specification, that is not shown in any of the drawings, that was not examined for patentability, that was excluded by prosecution arguments, and that is not an asserted equivalent. Statute and precedent require that the question be answered in the negative. Until today. ■
My colleagues on this panel now hold that the description of the invention, the prosecution history, and the prior art, must give way to a claim construction that covers an invention that the applicant foresaw but chose not to describe and prosecute. Reversing the district court, my colleagues hold that the patents cover a machine that uses only a perforated pipe to provide air to the compost material. However, the specification, the prosecution, and the claim require the use of flutes to create air channels along with the use of perforated pipe. The district court correctly and rationally construed the claim, and should be affirmed.

The Claim

The parties designated claim 1 of the ’910 patent as dispositive of the only remaining issue, viz., does the means-plus-function clause for “creating air channels” require a structure that includes flutes (or their equivalent). The pertinent claim limitation is shown in bold:
1. A compost bagging machine for bagging compost material into an elongated flexible bag having a fixed end and an open mouth,
a wheeled frame means having rearward and forward ends,
a tunnel means on said wheeled frame means and having an intake end for receiving compost material and an output end adapted to receive the mouth of the bag,
a hopper means on said wheeled frame means for receiving compost material,
*1332 means at the intake end of said tunnel means for forcing the compost material into said tunnel means, into said bag, and to move said wheeled frame means away from said fixed end of said bag,
means associated with the bagging machine for creating air channels in the compost material in said bag to enhance the composting of the compost material,
said means for creating air channels comprising positioning means which positions at least one elongated, perforated pipe extending substantially the entire length of the compost material in the bag as said bagging machine bags the compost material in said bag, said perforated pipe having openings formed therein for substantially the entire length thereof,
and a pipe support on said wheeled frame means for supporting said perforated pipe thereon prior to said perforated pipe being positioned in said compost material by said positioning means as said bagging machine bags the compost material in said bag.
The district court ruled that the “means ... for creating air channels” requires the presence of the flutes and air channels set forth in the specification and drawings, pointing out that the inventor, throughout the specification and the prosecution history, required the air channels created by the flutes, as does the claim.

The Specification and Drawings

The invention is a composting machine for use with very large bags of compost material. The specification describes the machine’s structure wherein a plurality of flutes creates air channels around the edge of the compost material as it enters the bag. These air channels, along with the air introduced through one or more perforated pipes, enhance decomposition of the compost material. This description of the device appears in all three patents in suit, starting with the Abstract of the Invention:
.... The inside surface of the tunnel is provided with a plurality of spaced apart flutes which create air channels in the material within the bag. An elongated perforated pipe is also positioned within the material in the bag and the bagging machine moves relative to the bag during the bagging operation. The presence of air in the channels created by the flutes and the air present in the perforated pipe ensures that sufficient air will be present in the mass to achieve complete decomposition of the material.
’910 patent, page 1; ’744 patent, page 1; ’562 patent, page 1 (all emphases added).
The specifications explain that the device uses both the flute-created channels and the perforated pipe to deliver air to the bagged compost. Every embodiment in the patents shows flutes as the means for creating air channels in the composting material. The objects of the invention, for example as in the ’910 specification, stress this aspect:
It is therefore a principal object of the invention to provide a method and means for creating air channels in bagged compost material so that the compost material will properly decompose.
A further object of the invention is to provide a compost bagging machine including a means for creating a plurali *1333 ty of spaced-apart air channels in the exterior surface of the bagged material.
’910 patent, col. 1, lines 39-52.
The Summary of the Invention reiterates that both elements, the channels created by the flutes and the perforated pipe, introduce air into the compost material:
... The interior surface of the tunnel is provided with a plurality ■ of spaced-apart flutes which create grooves or channels in the exterior surface of the material as the material is being placed into the bag. The bagging machine also includes means for positioning an elongated perforated pipe in the material. The air present in the grooves in the material and the air present in the perforated pipe causes the material to properly decompose.
Figure 2:
’910 patent; col. 2, lines 16-24.
All of the relevant drawings show both flutes (46) and perforated pipe (50). Figures 2, 3, and 5 show details of the flutes and the air channels they create. No other embodiments are shown.
[[Image here]]
*1334 Figure 3:
[[Image here]]
Figures:
[[Image here]]
The specification describes the flutes as follows:
A plurality of spaced-apart flutes or channels 46 are secured to the inner *1335 surfaces of top wall 38, side walls 40 and 42 and bottom wall 44 as seen in the drawings. Preferably, the flutes 46 are elongated .... It can also be seen that the flutes 46 are tapered -.... The flutes 46 are preferably welded .... As the material to be composted is forced through the tunnel 14 into the bag 16, the flutes or channels 46 create indentations, channels or grooves 48 in the exterior surface of the material 47 positioned in the bag 16 to ensure that air will be present within the bag to enable the material to properly decompose.
’910 patent, col. 3, lines 5-19.
At the end of the specification, just before the claims, the inventor summarizes the invention as follows:
The V-shaped flutes 46 and the perforated pipe 50 ensure that sufficient air will be present in the material to achieve complete decomposition. Thus, it can be seen that the invention accomplishes at least all of its stated objectives.
’910 patent, col. 3, lines 55-59.
The debate arises because the specification also contains the following sentence:
However, it is believed that sufficient air will be present to achieve decomposition with either the channels 48 or the perforated pipe 50 although it is preferred that both the flutes 46 and the pipe 50 be utilized.
’910 patent, col. 3, lines 30-33. This “belief’ appears to be the basis of the ruling of the panel majority that claim 1 does not require the air channels. The flaw, as the district court discerned, is that this “belief’ is not the invention that was patented. A device without flute-created air channels was not described, is not presented as the applicant’s invention, is not illustrated in any drawing. A device without the air channels was not presented for examination, was generally disclaimed during prosecution, and is in the prior art. Whatever the ultimate accuracy of the applicant’s “belief,” it is not the invention that he submitted for patenting.
During prosecution, the examiner cited the Eggenmuller reference as showing both the perforated pipe and the use of flutes to create air channels, whereupon Versa argued that the combination of the flute-created channels and the reel and guide for the perforated pipe distinguished this device. The examiner’s rejection and the applicant’s arguments preclude a claim construction that eliminates the combination of elements on which patentability was based. See Warner-Jenkinson Co. v. Hilton Davis Chemical Co., 520 U.S. 17, 29, 117 S.Ct. 1040, 137 L.Ed.2d 146 (1997) (every claimed element or its equivalent must be present in an infringing device). See also, e.g., J & M Corp. V. Harley-Davidson, Inc., 269 F.3d 1360, 1368 (Fed.Cir.2001) (the patentee “is statutorily entitled only to claims that encompass embodiments of the ‘gripping means’ disclosed in the specification and their equivalent”).

The District Court’s Decision

The district court ruled that the flutes are integral to the “means for creating air channels” of claim 1, citing the specification, the drawings, and the prosecution history. The function stated in the means-plus-function clause, the creation of channels in the compost material, requires the corresponding structure shown in the specification or an equivalent thereof. See 35 U.S.C. § 112 ¶ 6. The patent does not show a composting machine using only perforated pipe to provide air, omitting the flute-created air channels. Indeed, what *1336 ever credence is given to the “belief’ that either the flutes or the pipe could be eliminated, that is not the invention that was patented. See Unique Concepts v. Brown, 939 F.2d 1558, 1562 (Fed.Cir.1991) (when a patentee throughout the specification and prosecution history describes the invention as having a certain structural or functional limitation, the patentee cannot point to an isolated suggestion in the specification to eliminate that limitation).
In Markman v. Westview Instruments, Inc., 517 U.S. 370, 389-90, 116 S.Ct. 1384, 134 L.Ed.2d 577 (1996) the Court stressed that claims must be construed in a way that “comports with the instrument as a whole” and “preserve^] the patent’s internal coherence.” The specification, drawings, and prosecution history all teach that a material aspect of the device is the air channels or grooves created by the plurality of flutes. The patentee may have “believed” that some other structure could achieve decomposition, but that is not what was presented for examination.
The district court correctly construed the claim, in fidelity to the policy and principles of claim construction. From my colleagues’ departure from well-established rules of claim construction I must, respectfully, dissent.